# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**IRMA LEE GONZALES,**

        **Plaintiff,**

        v.                                 Case No. 08-C-675

**CHRYSLER LLC,**

        **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS

On August 7, 2008 Irma Lee Gonzales ("Gonzales"), proceeding pro se, filed a complaint against Chrysler LLC ("Chrysler"), her former employer, alleging she was discriminated against on account of her sex and national origin.

On August 11, 2008, this court denied Gonzales' motion to proceed in forma pauperis, and on August 15, 2008, she paid the filing fee. On October 15, 2008, Chrysler answered the complaint and all parties consented to the full jurisdiction of a magistrate judge.

This case progressed and on February 17, 2009, the defendant filed a motion for summary judgment. (Docket No. 23.) On February 23, 2009, Gonzales filed a letter wherein she stated she has "decided to withdraw myself from this lawsuit." (Docket No. 27.) The court construed this letter as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a). On February 24, 2009, the court issued an order permitting the defendant to respond to Gonzales' motion, specifically the issue of whether any dismissal should be with or without prejudice. On February 26, 2009, Chrysler responded that because Gonzales' motion to dismiss was brought after it had filed its motion for summary judgment, the dismissal should be with prejudice.

Although a dismissal with prejudice is often appropriate when a plaintiff files a motion to dismiss after the defendant has filed a motion for summary judgment, see, e.g., Drexler v. Langlade County Sheriff's Dept., 2007 WL 324430, (E.D. Wis. 2007), in the present case, the court concludes that a dismissal without prejudice is appropriate.

Gonzales has not engaged in dilatory tactics and the court is presented with no indication that the present motion to dismiss was brought in an effort to prolong this litigation or otherwise harass the defendants. Although the practical effect of any dismissal may be the same in that regardless of whether or not the dismissal is with prejudice, certain procedural obstacles, such as the strict time limits in which cases such as Gonzales' must be brought, may mean that Gonzales will be precluded from later pursuing her present claims, the court nonetheless finds it inappropriate to formally dismiss this case with prejudice.

**IT IS THEREFORE ORDERED** that Gonzales' motion to dismiss, (Docket No. 27), is **granted**. Gonzales' complaint is hereby dismissed **without prejudice**. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 27th day of February, 2009

s/AARON E. GOODSTEIN<br>
U.S. Magistrate Judge